IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CAROL BARTON,

        Plaintiff,        Case No.

v.        Judge
        Magistrate Judge

METRO NASHVILLE PUBLIC SCHOOLS,

        JURY DEMAND

        Defendant.
_____/

## COMPLAINT

Plaintiff, Carol Barton, a long-time employee of Metro Nashville Public Schools, made a reasonable request for a religious accommodation in January and April 2018 to attend a religious conference as delegate, as she had done in years past. However, her requests were denied for pretextual reasons and she was told if she wanted to attend the conference she could not keep her job and would be required to take a demotion to part-time, which she did in order to attend the conference in accordance with her honestly held religious beliefs. MNPS refused to restore her to full-time status. After an extensive investigation, the EEOC issued a cause determination. MNPS has still refused to rectify the violation. Accordingly, Ms. Barton files the instant Complaint for violations of Title VII of the Civil Rights Act of 1964 ("Title VII").

## PARTIES

1. Plaintiff, Ms. Barton, is a citizen and resident of Nashville, Davidson County, Tennessee, and a current employee of Defendant.

2. Defendant Metro Nashville Public Schools ("Metro" or "MNPS") is a public school system in Nashville, Davidson County, Tennessee. At all material times, Defendant has been an employer as defined by Title VII.

1

## JURISDICTION AND VENUE

3. This is an action for unlawful employment practices brought under Title VII.

4. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

5. Plaintiff complied with all conditions precedent to the filing of her claims pursuant to Title VII, to wit: a charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the unlawful employment practice; the EEOC issued a cause determination, conciliation failed, and this action was commenced within 90 days of receipt of the EEOC's Notice of Right to Sue.

## FACTS

6. Plaintiff, Carol Barton was employed by MNPS for over twelve years, from 2006 to 2018, as a full-time employee, from 2003 to 2006, for three years as a part-time employee. To date she is still employed by MNPS, but she is only employed in a part-time position as a substitute teacher due to the ongoing discrimination, harassment and retaliation she has endured from MNPS.

7. Plaintiff was qualified for her job as an HR Information System Specialist in the Human Resources Department with MNPS and performed her job duties in a competent and satisfactory manner.

8. In January and April 2018, she requested an accommodation to attend a religious conference as delegate, as she had done in years past.

9. After making her request for accommodation in 2018, she was given an ultimatum: she could either keep her full-time employment and drop her request to attend the convention or she would be demoted to a part-time position.

10. Ms. Barton's attendance and participation as a delegate at the convention was based

on an honestly held religious belief. As a result, to keep her job, she was forced to reduce her hours to part-time as a substitute teacher, earning significantly less pay and benefits, to attend the convention.

11. MNPS has a discriminatory policy that does not examine requests for religious accommodation on a case by case basis, but rather one that is limited to two days.

12. The EEOC conducted an extensive investigation and determined that there was reasonable cause to believe MNPS denied Ms. Barton a reasonable accommodation and retaliated against her for requesting an accommodation. A copy of the EEOC determination is attached.

13. Conciliation attempts with MNPS failed and they have refused to accommodate Ms. Barton to date or restore her to her full-time position.

14. On information and belief, Defendant did not conduct an analysis as to whether Ms. Barton's request to take a few days off work to attend a religious convention was an undue hardship.

15. Allowing Ms. Barton to take a few days off work to attend a religious convention was not an undue hardship for the employer.

## Count I
## Violation of Title VII- Religious Discrimination, Failure to Accommodate

16. Plaintiff restates and incorporates herein the above paragraphs in their entirety.

17. Plaintiff made a request for a religious accommodation based on an honestly held religious belief.

18. Defendant refused to accommodate Plaintiff's reasonable request for accommodation.

3

19. Plaintiff could perform the essential functions of her job with reasonable accommodation. Plaintiff made a request for reasonable accommodation, including, but not limited to, granting her request to attend a religious convention.

20. Allowing Plaintiff to attend the convention was not an undue hardship.

21. Defendant demoted Plaintiff because of its refusal to accommodate her.

22. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

23. As a result, Plaintiff is entitled to recover damages, including lost wages and benefits, compensatory damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

## Count II
## Violation of Title VII- Retaliation

24. Plaintiff restates and incorporates herein the foregoing paragraphs.

25. Plaintiff made a request for accommodation based on an honestly held religious belief.

26. Plaintiff was subjected to adverse employment actions on the basis of her request for accommodation in violation of Title VII.

27. As a direct and proximate result of Defendant's unlawful and willful acts, Plaintiff suffered lost earnings and benefits.

28. As a result, Plaintiff is entitled to reinstatement, to recover her damages, including lost wages, compensatory damages, front pay, attorneys' fees, costs, interest, and any other legal and equitable relief to which she may be entitled.

## RELIEF REQUESTED

Plaintiff respectfully requests:

1. A jury trial;

2. Back pay and damages for lost benefits;

3. Reinstatement or front pay;

4. Compensatory damages for embarrassment, humiliation, stress, anxiety, inconvenience, and loss of enjoyment of life;

5. Punitive damages;

6. Attorneys' fees and expenses;

7. Prejudgment interest and, if applicable, post-judgment interest; and

8. Such other and further legal or equitable relief to which she may be entitled under Title VII, including a declaration that Defendant violated her civil rights and training for Defendant's managers so that they will not continue to discriminate against other employees.

Respectfully submitted,

*/s Heather Moore Collins*
Heather Moore Collins BPR # 026099
Anne Hunter BPR # 022407
Collins & Hunter PLLC
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com
anne@collinshunter.com

*Attorneys for Plaintiff*



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Nashville Area Office

220 Athens Way, Suite 350
Nashville, TN 37228-1327
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Nashville Status Line: (866) 408-8075
Nashville Direct Dial: (615) 736-5863
TTY (615) 736-5870
FAX (615) 736-2107

Charge No.: 494-2018-02407

Carol Barton
727 Ringgold Drive
Nashville, TN 37207      Charging Party

and

Metro Nashville Public Schools
2601 Bransford Avenue
Nashville, TN 37204      Respondent

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. as amended.

Respondent is an employer within the meaning of Title VII. All requirements for coverage have been met.

Charging Party alleges that because of her religious beliefs, she has attended religious conferences during the summer for several years. During January 2018, Charging Party alleges she informed multiple supervisors and Human Resources that she needed to attend a twelve-day religious conference during the summer of 2018. According to Charging Party, her request was repeatedly denied. Charging Party alleges she was informed she could not keep her current full-time position if she attended the religious conference, and because she did not wish to be discharged, she transferred to a part-time position.

Respondent denies the allegations. Respondent contends that Charging Party was denied leave because of an operational policy applied to all Employee Resource Center Development employees within Metro Nashville Public Schools Human Resources. According to Respondent, this policy prevents vacation leave during Metro Nashville Public School's peak hiring time. During this time, Respondent claimed it hires approximately six-hundred employees and transfers approximately eight-hundred others. Respondent alleged it needed all employees working in order to get a significant number of the hires processed.

Determination
Charge No. 494-2018-02407

Page 2 of 3

Examination of the evidence obtained during the investigation reveals that Charging Party requested a religious accommodation. Evidence reveals Respondent refused to provide Charging Party with a religious accommodation and maintained that the time off would create a business hardship for the company. Further, evidence reveals through pay records obtained that Charging Party's co-workers worked almost no overtime during the time she would have been absent from work. Evidence reveals that Charging Party was not replaced by another employee until after the date she informed Respondent she would return to work, which does not support an undue hardship.

Examination of the evidence reveals like and related and growing out of the investigation, that as a result of Charging Party's request for a religious accommodation, she was retaliated against in that she had to transfer from a full-time to a part-time position in order to attend the religious conference.

Based on the evidence, I have determined there is reasonable cause to believe that Respondent refused to provide Charging Party with a religious accommodation and retaliated against her. in violation of Title VII.

Section 706(b) of Title VII provides if the Commission determines there is reasonable cause to believe the statute has been violated, the Commission shall endeavor to eliminate the alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. The remedies for violations of the statutes enforced by the Commission are designed to make the identified victims whole and to provide corrective and preventive relief.

Having determined there is reasonable cause to believe a violation has occurred, the Commission now invites the parties to join in a collective effort toward a just resolution of this matter. If the Respondent wishes to accept this invitation to participate in conciliation efforts, it may do so by accepting the enclosed agreement as presented, or by providing a counter proposal to the Commission Representative within 14 days of the date of this determination. The assigned Commission Representative for the conciliation process is Federal Investigator Robert Trail. Mr. Trail may be reached by telephone at (615) 736-5877 or by email at robert.trail@eeoc.gov.

If the Respondent has further questions regarding the conciliation process or conciliation terms it would like to propose, please contact the assigned Commission Representative. If the Respondent fails to respond within fourteen (14) days of the date of this determination, the Commission may conclude further conciliation efforts would be futile or nonproductive. Where the Respondent declines to enter into settlement discussions, or when the Commission's Representative for any other reason is unable to secure a settlement acceptable to the Office Director, the Director shall inform the parties in writing and advise them of the court enforcement alternative available to the Aggrieved Parties and the Commission.

Federal law prohibits retaliation against persons who have exercised their right to inquire or to complain about matters they believe may violate the law. Federal law also prohibits discrimination against persons who have cooperated in Commission investigations. These protections against retaliation apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

MAY 23 2019  
Date

*Deborah K. Walker*  
Deborah K. Walker  
Area Director

Enclosure: Proposed Conciliation Agreement