IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CAROL BARTON,

        Plaintiff,

v.

THE METROPOLITAN
GOVERNMENT OF NASHVILLE AND
DAVIDSON COUNTY, TENNESSEE,

        Defendant.

_____/

Case No. 3:20-cv-00118

Judge Campbell
Magistrate Judge Newbern

JURY DEMAND

## **PROPOSED PRETRIAL ORDER**

This matter having come before the Court on October 31, 2022, at 10:00 a.m., at a pretrial conference pursuant to Rule 16 of the Federal Rules of Civil Procedure, and Heather Moore Collins and Ashley Shoemaker Walter having appeared as counsel for the Plaintiff; and Brook Fox, Kelli Woodward, and Ben Puckett having appeared as counsel for the Defendant, the following action was taken:

**I.    Recitation**

The Pleadings in this case are amended to conform to the Pretrial Order and this final pretrial order shall supplant the pleadings.

**II.    Basis of Jurisdiction:**

The Court currently has jurisdiction of this case pursuant to 28 U.S.C. § 1331, as this is a civil case and Plaintiff's claims arise under the laws of the United States. Specifically, Plaintiff alleged failure to accommodate her religion and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) *et seq*. ("Title VII"). Jurisdiction is not in dispute.

### III. Plaintiff's Theory of the Case:

Carol Barton, who was widely acknowledged to be an experienced and productive employee in Metro's Employee Resource Center ("ERC"), was discriminated and retaliated against when she requested a religious accommodation to take time off work to engage in a religious observance fundamental to her faith. Barton was informed she would not be granted the time off she needed and given an ultimatum: if you adhere to your faith you will have to transfer out of the ERC. Given Barton's religious conviction, she was forced to leave her full-time position in the ERC and accept a part-time position as a substitute teacher. Metro challenges Barton's sincerely held Barton's religious convictions and adherence to her religion. However, not once did Metro discuss with Barton before she was forced to transfer out of her career either the importance of her religion or whether her request could be accommodated. Metro's actions violated Barton's rights under Title VII that prohibit Metro from discriminating against her on the basis of her religion and retaliating against her because she requested a religious accommodation.

### IV. Defendant's Theory of the Case:

Ms. Barton was employed for over twelve years as an Information System Specialist in the Employment Resource Center (in Schools' Human Resources Department). From April - August each year, the ERC coordinates the hiring of roughly 600 teachers and transfers of approximately 800 more school staff. To complete this task in the required time, before the first pay-period of the upcoming school year, the ERC has a policy in place that vacation should be limited to just a few days at a time. This policy limiting vacation had been established in prior years, and Ms. Barton was aware of it. All employees, including Ms. Barton, were reminded of this policy in early 2018. On April 18, 2018, Ms. Barton requested 12 consecutive days off work (June 29 - July 12, 2018) to attend a religious conference in Sri Lanka. The ERC denied Ms.

Barton's request because such a lengthy period of vacation, during the busiest time of year, would impede its operations and burden her coworkers who would have to take on her work. She was not threatened with discipline or given an ultimatum. Instead, her leave was simply denied. She then voluntarily resigned her position with the ERC and transferred to the Substitute Office so that she could go on her trip. Ms. Barton's desire to attend a voluntary church event half-way around the world, one that was also social in nature, is not a religious observance which any employer must accommodate. She was not discharged, disciplined, or retaliated against for requesting religious leave. Instead, she voluntarily resigned her job with the ERC. Accordingly, Nashville is not guilty of failure-to-accommodate her religious beliefs or retaliation in violation of Title VII.

### V. Plaintiff's Statement of the Issues

The issues for trial are: (1) whether Metro discriminated against and failed to accommodate Barton's religion and retaliated against her in violation of Title VII; (2) whether Barton can prove damages based on such conduct. The fact issues of liability and the amount of damages are for the jury.

The equitable request of reinstatement or front pay, whether Barton is entitled to payment of her reasonable attorney's fees and costs and, if so, how much; and whether Barton should receive an award of pre-judgment interest, and, if so, in what amount. are legal issues for the Court.

Plaintiff seeks the following relief:

1. Back Pay under Title VII;
2. Reinstatement or Front Pay benefits under Title VII;
3. Compensatory damages for embarrassment, humiliation, emotional pain and suffering, stress and anxiety, inconvenience, and loss of enjoyment of life under Title VII;
4. Attorneys' fees and expenses;

5. Declaration that Defendant's Religious Accommodation Policy Violates Title VII;
6. Prejudgment interest.

**VI.    Defendant's Statement of the Issues:**

The issues for trial are (1) whether Defendant failed to accommodate Plaintiff's religious observance in violation of Title VII (not to include a claim for disparate-treatment religious discrimination); (2) whether Defendant retaliated against Plaintiff because she opposed a practice made unlawful by Title VII; (3) whether Metro should be liable for such failure to accommodate or retaliation; and (3) whether Plaintiff sustained recoverable damages based on the alleged misconduct of Defendant and its agents.

A. <u>The Defendant would submit the following as Fact Issues for the jury.</u>

1. Whether Defendant failed to accommodate Plaintiff's religious observance in violation of Title VII of the Civil Rights Act of 1964.
2. Whether Defendant retaliated against Plaintiff because she opposed a practice made unlawful by Title VII of the Civil Rights Act of 1964.
3. Whether Plaintiff is entitled to an award of backpay (including whether Plaintiff failed to use reasonable diligence to mitigate her damages) or compensatory damages, and if so, in what amount.

B. <u>The Defendant would submit the following as Issues for the Court.</u>

1. Whether Plaintiff is entitled to payment of her reasonable attorney's fees and costs and, if so, how much.
2. Whether Plaintiff is entitled to front pay that is allowable under Title VII, and if so, in what amount; or, in the alternative, whether Plaintiff is entitled to reinstatement.

4

3. Whether Plaintiff should receive an award of pre-judgment interest, and if so, in what amount.

**VII. Summary of Anticipated Evidentiary Disputes**

      i. None, other than standard objections

**VIII. Estimated Length of Trial**

The estimated length of trial is 4 days.

IT IS SO ORDERED.

Entered this \_\_\_\_\_ day of November 2022.

                                          _____
                                          United States District Court Judge Campbell

Respectfully submitted,

HMC Civil Rights Law, PLLC

*s/ Heather Moore Collins*
Heather Moore Collins (# 026099)
Ashley Shoemaker Walter (#037651)
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that on October 24, 2022, the forgoing was served on counsel by email through the Court's CM/ECF system to:

> J. Brooks Fox
> Kelli F. Woodward
> Benjamin A Puckett
> Metropolitan Courthouse, Suite 108
> P.O. Box 196300
> Nashville, Tennessee 37219-6300
> .
> *Attorneys for the Defendant*

> */s Heather M. Collins*
> Heather Moore Collins

6

Case 3:20-cv-00118   Document 77   Filed 10/24/22   Page 6 of 6 PageID #: 588