IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CAROL BARTON,

        Plaintiff,                       Case No. 3:20-cv-00118

v.                                            Judge Campbell
                                              Magistrate Judge Newbern

THE METROPOLITAN
GOVERNMENT OF NASHVILLE AND
DAVIDSON COUNTY, TENNESSEE,
                                              JURY DEMAND

        Defendant.
_____/

## PLAINTIFF'S TRIAL BRIEF REGARDING
## EEOC DETERMINATION AND DOCUMENTS

During the depositions of this case and Plaintiff's opposition to Defendant's motion for summary judgment, she identified documents from the EEOC which she subsequently identified on her exhibit list:

- Exhibit 8- Barton's 9/14/18 Statement to the EEOC
- Exhibit 16- EEOC Investigator's Notes from 5/6/19 Interview with Lisa Few
- Exhibit 17- EEOC Cause Determination
- Exhibit 22- EEOC Charge

These exhibits are admissible.

**Barton's and Few's Statements to the EEOC and the EEOC charge are Admissible**

Both Barton and Few will testify at trial. The statements made to the EEOC investigator were made in the course of a federal investigation close in time to the events in question. Barton's statement (Exhibit 8) to the EEOC and her EEOC charge (Exhibit 22) was created by Barton close in time to the discrimination. Thus, this evidence can easily be authenticated and is a close in time

1

recollection of the events, which also demonstrates that Barton engaged in protected conduct. Few's statement (Exhibit 16) was recorded by the EEOC investigator and obtained in conjunction with a Freedom of Information Act ("FOIA") request, as identified by footer at the bottom of the page, as such, it is a public record. See 5 U.S.C.S. §(a)(2)(D); F.R.E. 901(a)(7), 902(11). *See Clark v. Auger Servs.*, 443 F. Supp. 3d 685, 694 (M.D. La. 2020) ("the Court may take judicial notice of the EEOC charges, which are public record and whose authenticity is not disputed"). Likewise, Few's statement was created close in time to the discrimination and thus, in addition to being self-authenticating, is a prior statement (F.R.E. 613) and recorded recollection. (F.R.E. 803(5)(C). To the extent Few now disputes any part of the statement, it is the jury's function to assess her credibility. As such, this evidence is admissible.

**EEOC Determination is Admissible**

An administrative agency determination letter regarding an employment discrimination claim may be admitted and is within the sound discretion of the trial court to make that decision. *Heard v. Mueller Co.,* 464 F.2d 190, 194 (6th Cir. 1972); *cf. Weems v. Ball Metal and Chemical Div., Inc.,* 753 F.2d 527, 528 n.1 (6th Cir. 1985) (the EEOC cause determination, "in the sound discretion of the trial court, may be admitted in evidence"); *Bryant v. Martinez,* 46 F. App'x 293 (6th Cir. 2000) (decisions of administrative agencies relevant to the merits of a claim are admissible despite the possibility of some prejudicial effect). The Sixth Circuit has found that a district court does not abuse its discretion by permitting the introduction of an EEOC determination letter if the district court "specifically instruct[s] the jury that it was free to disregard any conclusions contained in the report because the EEOC may not have had the same evidence as the jury had." *Blakely v. City of Clarksville,* 244 F. App'x 681, 683 (6th Cir. 2007)(on appeal from the Middle District of Tennessee); *see also Williams v. Nashville Network,* 132 F.3d 1123, 1129 (6th

2

Cir. 1997) (finding an EEOC letter of violation to be presumptively inadmissible, but a probable cause determination on the other hand, to be potentially admissible because it "is more tentative in its conclusions"). The argument is stronger for admission of an EEOC report when the EEOC is not a party to the litigation, as in this case. *See E.E.O.C. v. Sharp Mfg. Co. Of America,* No. 06-2611, 2008 U.S. Dist. LEXIS 4716, 2008 WL 189847, at *2 (W.D. Tenn. Jan. 22, 2008) (when the EEOC is not a party to the litigation and has no interest therein, there is no reason to suspect any lack of trustworthiness).

As such, because the EEOC is not a party, there is no prejudice. Exhibit 17 is admissible.

Respectfully submitted,

HMC Civil Rights Law, PLLC

*s/ Heather Moore Collins*
Heather Moore Collins (# 026099)
Ashley Shoemaker Walter (#037651)
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on November 1, 2022, the forgoing was served on counsel by email through the Court's CM/ECF system to:

    J. Brooks Fox
    Kelli F. Woodward
    Benjamin A Puckett
    Metropolitan Courthouse, Suite 108

P.O. Box 196300
Nashville, Tennessee 37219-6300
.
*Attorneys for the Defendant*

                                    */s Heather M. Collins*
                                    Heather Moore Collins