

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Nashville Area Office

220 Athens Way, Suite 350
Nashville, TN 37228-1327
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Nashville Status Line: (866) 408-8075
Nashville Direct Dial: (615) 736-5863
TTY (615) 736-5870
FAX (615) 736-2107

Charge No.: 494-2018-02407

Carol Barton
727 Ringgold Drive
Nashville, TN 37207                         Charging Party

and

Metro Nashville Public Schools
2601 Bransford Avenue
Nashville, TN 37204                         Respondent

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. as amended.

Respondent is an employer within the meaning of Title VII. All requirements for coverage have been met.

Charging Party alleges that because of her religious beliefs, she has attended religious conferences during the summer for several years. During January 2018, Charging Party alleges she informed multiple supervisors and Human Resources that she needed to attend a twelve-day religious conference during the summer of 2018. According to Charging Party, her request was repeatedly denied. Charging Party alleges she was informed she could not keep her current full-time position if she attended the religious conference, and because she did not wish to be discharged, she transferred to a part-time position.

Respondent denies the allegations. Respondent contends that Charging Party was denied leave because of an operational policy applied to all Employee Resource Center Development employees within Metro Nashville Public Schools Human Resources. According to Respondent, this policy prevents vacation leave during Metro Nashville Public School's peak hiring time. During this time, Respondent claimed it hires approximately six-hundred employees and transfers approximately eight-hundred others. Respondent alleged it needed all employees working in order to get a significant number of the hires processed.

Examination of the evidence obtained during the investigation reveals that Charging Party requested a religious accommodation. Evidence reveals Respondent refused to provide Charging Party with a religious accommodation and maintained that the time off would create a business hardship for the company. Further, evidence reveals through pay records obtained that Charging Party's co-workers worked almost no overtime during the time she would have been absent from work. Evidence reveals that Charging Party was not replaced by another employee until after the date she informed Respondent she would return to work, which does not support an undue hardship.

Examination of the evidence reveals like and related and growing out of the investigation, that as a result of Charging Party's request for a religious accommodation, she was retaliated against in that she had to transfer from a full-time to a part-time position in order to attend the religious conference.

Based on the evidence, I have determined there is reasonable cause to believe that Respondent refused to provide Charging Party with a religious accommodation and retaliated against her. in violation of Title VII.

Section 706(b) of Title VII provides if the Commission determines there is reasonable cause to believe the statute has been violated, the Commission shall endeavor to eliminate the alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. The remedies for violations of the statutes enforced by the Commission are designed to make the identified victims whole and to provide corrective and preventive relief.

Having determined there is reasonable cause to believe a violation has occurred, the Commission now invites the parties to join in a collective effort toward a just resolution of this matter. If the Respondent wishes to accept this invitation to participate in conciliation efforts, it may do so by accepting the enclosed agreement as presented, or by providing a counter proposal to the Commission Representative within 14 days of the date of this determination. The assigned Commission Representative for the conciliation process is Federal Investigator Robert Trail. Mr. Trail may be reached by telephone at (615) 736-5877 or by email at robert.trail@eeoc.gov.

If the Respondent has further questions regarding the conciliation process or conciliation terms it would like to propose, please contact the assigned Commission Representative. If the Respondent fails to respond within fourteen (14) days of the date of this determination, the Commission may conclude further conciliation efforts would be futile or nonproductive. Where the Respondent declines to enter into settlement discussions, or when the Commission's Representative for any other reason is unable to secure a settlement acceptable to the Office Director, the Director shall inform the parties in writing and advise them of the court enforcement alternative available to the Aggrieved Parties and the Commission.

Federal law prohibits retaliation against persons who have exercised their right to inquire or to complain about matters they believe may violate the law. Federal law also prohibits discrimination against persons who have cooperated in Commission investigations. These protections against retaliation apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

MAY 2 3 2019
Date

*Deborah K. Walker*
Deborah K. Walker
Area Director

Enclosure: Proposed Conciliation Agreement