IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CAROL BARTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:20-cv-00118 |
| | ) | |
| v. | ) | Judge Campbell |
| | ) | Magistrate Judge Newbern |
| THE METROPOLITAN GOVERNMENT | ) | |
| OF NASHVILLE AND DAVIDSON CTY, | ) | |
| TENNESSEE, | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

**Plaintiff's Damages Direct Examination Pursuant to Local Rule 39.01(c)(5)(E)**

Pursuant to Local Rule 39.01(c)(5)(E) Plaintiff submits the direct testimony of her economic expert, Dr. Charles Baum II, on the topic of damages. Plaintiff intends to offer Dr. Baum's report, dated September 5, 2022 (attached), into evidence, including the attached curriculum vita. Defendant has stipulated to paragraph 1 of the report and to the admissibility of Dr. Baum's curriculum vita.

Dr. Baum will testify as follows:

I am Charles L. Baum II, Ph.D., a professor of economics and finance at Middle Tennessee State University. I have a Ph.D. in economics from the University of North Carolina at Chapel Hill and a B.A. in political science and economics from Wake Forest University. My full curriculum vita is provided as Exhibit 22, pp. 14-34.

I prepared a report of economic damages in this matter. In this report, I provide an analysis of the economic losses from lost earnings and lost employment benefits for Carol Barton from Ms. Barton's demotion on or around June 27, 2018, by The Metropolitan Government of Nashville and Davidson County, Tennessee. (Metro).

According to documents I have reviewed, Mrs. Barton's most recent salary at MNPS as a human resources information systems specialist was $46,130.24 per year (for the 2017-2018 academic year) from $22.178 per hour with employment benefits valued at 19.99 percent of earnings.

1

According to documents I have reviewed, Mrs. Barton's salary at MNPS as a substitute teacher is $23,400 per year (for the 2018-2019 academic year) from 1950 annual hours at $12.00 per hour.

According to documents I have reviewed, Mrs. Barton earned from MNPS $38,946.98 in 2018, $9,306.00 in 2019, $1,908 in 2020, $1,153.46 in 2021, and $2,085 in 2022 through June 10, 2022.

According to documents I have reviewed, Mrs. Barton earned $633.00 from A-Z DME in 2021.

In this analysis, based on these assumptions, I calculate the economic losses to Mrs. Barton in the form of lost earnings and lost employment benefits due to being demoted to substitute teacher by MNPS on or around June 27, 2019.

**The present value of the economic losses to Mrs. Barton due to being demoted by MNPS is calculated to range from $234,087 to $378,921.** The economic loss is a projection of the difference in Mrs. Barton's projected earnings and employment benefits as a human resources information systems specialist with MNPS and her actual and projected earnings and employment benefits from being a substitute teacher with MNPS after her demotion.

**In a first scenario, shown in Table 1, the present value of the economic losses from Ms. Barton's demotion by Metro are estimated to be $234,087 after I subtract Ms. Barton's *estimated* potential earnings as a substitute teacher for Metro. This accounts for $126,707 in Back Pay and $107,380 in Front Pay.** I do not include non-government-mandated employment benefits because Mrs. Barton is assumed to be employed on a part-time basis and is not eligible for insurance and retirement benefits.

**In a second scenario, shown in Table 2, the present value of the economic losses from Ms. Barton's demotion by Metro are estimated to be $378,921 after I subtract Ms. Barton's *actual* earnings as a substitute teacher for Metro. This accounts for $200,258 in Back Pay and $178,663 in Front Pay.** Otherwise, I make the same assumptions and use the same methodology and rates as in my first scenario.

**In third and fourth scenarios, shown in Tables 3 and 4, reflect the values of Table 1 and 2 excluding the projected value of insurance benefits, $221,716 and $366,550 respectively. The $221,716 value accounts for $119,612 in Back Pay and $102,104 in Front Pay. The $366,550 value accounts for $193,163 in Back Pay and $173,387 in Front Pay.** Otherwise, I make the same assumptions and use the same methodology and rates as in my first scenario.

                                                  Respectfully submitted,

                                                  HMC Civil Rights Law, PLLC

*/s Heather Moore Collins*
Heather Moore Collins BPR # 026099
Ashley S. Walter BPR #037651
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that on November 4, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt:

J. Brooks Fox
Metropolitan Courthouse, Suite 108
P.O. Box 196300
Nashville, Tennessee
37219-6300
(615) 862-6375

*Attorney for the Defendant*

*/s Heather Moore Collins*
Heather Moore Collins