IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CAROL BARTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:20-cv-00118 |
| | ) | |
| v. | ) | Judge Campbell |
| | ) | Magistrate Judge Newbern |
| THE METROPOLITAN GOVERNMENT | ) | |
| OF NASHVILLE AND DAVIDSON CTY, | ) | |
| TENNESSEE, | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR NEW TRIAL
AND/OR TO ALTER OR AMEND JUDGMENT**

Plaintiff, Carol Barton, moves for a new trial and/or to alter or amend the judgment because the jury's verdict was unreasonable, *i.e.*, that no *reasonable* jury could have returned a verdict for Defendant based on the evidence presented at trial, the religious accommodation instruction was inconsistent with Title VII jurisprudence, and Defense Counsel made inappropriate "Golden Rule" arguments and misstatements of law during closing arguments. Cumulatively, these reasons warrant a new trial or to alter or amend the judgment in favor of Plaintiff, who demonstrated at trial that beyond a preponderance of the evidence she was discriminated against because of her religion and Defendant Metro failed to accommodate her religious observance in violation of Title VII.

**I.    Standard of Review**

Pursuant to Federal Rule of Civil Procedure 59, "[t]he court may, on motion, grant a new trial on all or some of the issues—and to any party ... (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court. . . ." Fed. R. Civ. P. 59(a)(1). The "governing principle" in the district court's consideration of a motion for a new trial

1

"is whether, in the judgment of the trial judge, such course is required in order to prevent an injustice; and where an injustice will otherwise result, the trial judge has the duty as well as the power to order a new trial." *Park W. Galleries, Inc. v. Hochman*, 692 F.3d 539, 544 (6th Cir. 2012) (internal quotations omitted). "Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'" *FDIC v. World Univ., Inc.,* 978 F.2d 10, 16 (6th Cir. 1992) *Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007).

When a jury has reached a "seriously erroneous result" by issuing a verdict against the weight of the evidence, a new trial is warranted under Rule 59 of the Federal Rules of Civil Procedure. *See Holmes v. City of Massillon*, 78 F.3d 1041, 1045-46 (6th Cir. 1996). "[A] new trial is warranted when a jury has reached a seriously erroneous result as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, *i.e.*, the proceedings being influenced by prejudice or bias." *Balsley v. LFP, Inc.*, 691 F.3d 747, 761 (6th Cir. 2012) (citation omitted).

The Sixth Circuit allows district courts "[b]road discretion . . . in determinations of admissibility based on considerations of relevance and prejudice," *West v. Tyson Foods, Inc.*, 374 F. App'x 624, 636 (6th Cir. 2010) (internal citations omitted). Rule 59 "'preserves the trial judge's authority to prevent a jury verdict from standing when . . . the jury's verdict was against the weight of the evidence and a new trial is necessary to 'prevent a miscarriage of justice.'" *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 826 (6th Cir. 2013). A district court should grant a Rule 59 motion when the jury's verdict is "said to be unreasonable." *Armisted v. State Farm Mut. Auto. Ins. Co.*, 675 F.3d 989, 995 (6th Cir. 2012).

A new trial may also be granted when jury instructions are misleading. The court should consider whether "taken as a whole, the instructions adequately inform the jury of the relevant

2

considerations and provide the jury with a sound basis in law with which to reach a conclusion." *EEOC v. New Breed Logistics*, 783 F.3d 1057, 1074 (6th Cir. 2015) (citing *Pivnick v. White, Getgey & Meyer Co., LPA*, 552 F.3d 479, 488 (6th Cir. 2009)). When a court refuses to give a proposed jury instruction, that refusal warrants reversal if: "(1) the omitted instruction is a correct statement of the law, (2) the instruction is not substantially covered by other delivered charges, and (3) the failure to give the instruction impairs the requesting party's theory of the case." *Decker v. GE Healthcare Inc.*, 770 F.3d 378, 396 (6th Cir. 2014); *EEOC v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 948 (E.D. Tenn. 2017).

Finally, Golden Rule arguments that ask the jury to put themselves in a party's place, inviting decision based on bias and prejudice rather than consideration of the facts, are improper. *See Mich. First Credit Union v. Cumis Ins. Soc.*, 641 F.3d 240, 249 (6th Cir. 2011). To warrant a new trial based on alleged attorney misconduct, the moving party must show "a reasonable probability that the verdict of the jury has been influenced" by the improper conduct of counsel. *Smith v. Rock-Tenn Servs*., 813 F.3d 298, 315 (6th Cir. 2016). However, there is a heightened showing when a party fails to object. *Id*.

**II. Argument**

**A. A New Trial is Warranted Because the Verdict was Against the Weight of the Evidence**

A new trial is warranted because the verdict was against the weight of the evidence with respect to the discrimination. The jury was properly instructed that to prevail on her discrimination claim that she "must prove by a preponderance of the evidence that her religious observance was a motivating factor in Metro's decision" … "even though other factors may have motivated Metro." Plaintiff demonstrated this claim by the weight of the evidence. There was one reason Carol Barton lost her job in the ERC at Metro: her religious observance. *See e.g*. Pl. Ex. 3, 10, 11,

12, 13. Additionally, the testimony of Romero established that, while Barton was out, no more hours were worked than in previous years. Other ERC employees took time off during the alleged freeze period in the years preceding, during, and after the year Ms. Barton requested accommodation, which further demonstrates discrimination. (Pl. Ex. 18). Finally, testimony established Ms. Barton was not replaced until after she would have been back from her trip, which demonstrates that Metro would have rather forced her out of her job and replaced her than allow her back in adherence with her faith observance. Thus, the inescapable conclusion is that the jury's verdict was against the weight of the evidence and a new trial is necessary to 'prevent a miscarriage of justice.'

B.  **The Jury Instruction on Religious Accommodation was Inconsistent with Title VII**

The jury instructions were inconsistent with Title VII with respect to the accommodation instruction. The jury was instructed:

> 1. That Ms. Barton holds a sincere religious belief that conflicts with an employment requirement;
> 2. Metro was aware of the conflict;
> 3. Ms. Barton was discharged or disciplined for failing to comply with the conflicting employment requirement. …
> …unless you determine that Metro has proven that it was unable to allow Ms. Barton to attend her religious observance without undue hardship on Metro's operations. If an accommodation request were to cause anything more than an insignificant, trifling or negligible effect on the employer's business, then it is considered an undue hardship.

**1. Requiring "Discipline or Discharge" was a Misstatement of the Law**

The instruction was premised on Defendant's argument that a religion claim under Title VII is uniquely limited to "discipline or discharge" pursuant to *Reed v. UAW*, 569 F.3d 576 (6th Cir. 2009). (ECF 98, Tr. 11/9/22 p. 41). Plaintiff objected to the instruction as being limited to "discipline or discharge," contending the instruction would be more accurate to state that Ms. Barton was subjected to "an adverse employment action." (ECF 98, Tr. 11/9/22 pp. 41; (ECF 99,

4

Tr. 11/10/22 pp. 10-13). Plaintiff's argument was based on the subsequent clarification and expansion of adverse action as set forth in *Burlington Northern* and recognized by the Court in *DeLeon*. *Burlington Northern and Santa Fe Ry. Co v. White,* 548 U.S. 53, 71 (2006) (a materially adverse employment action is "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits"); *Deleon v. Kalamazoo County Rd. Comm*., 739 F.3d 914, 919 (6th Cir. 2014) (transfer may constitute a materially adverse action). Nonetheless, the instruction limiting the claim to "discipline or discharge" was given, creating an insurmountable hurdle given the particular facts of this case.

In *Reed*, the panel recognized that they were not presented with the issue concerning "discipline or discharge":

> But because we hold that the specific accommodation Reed challenges here does not rise to the level of an adverse employment action, we are not presented with the issue of whether a plaintiff can proceed on a showing of an employment action that is "adverse" but is not a form of "discharge or discipline."

*Reed*, 569 F.3d 581. The Dissent contended:

> This case is the first in our circuit to squarely present the question of whether a plaintiff can satisfy the prima facie case for a religious accommodation claim by showing an adverse employment action without showing discharge or discipline. would hold that a plaintiff should be able to succeed on such a showing. While discharge or discipline (assuming it is sufficiently severe) will always constitute a materially adverse employment action, there is no legal or logical reason why a plaintiff who suffers a materially adverse employment action must also show discharge or discipline.

*Reed*, 569 F.3d 585 (McKeague Dissenting). Indeed, subsequently, the Sixth Circuit did recognize:

> We have indicated that the "discipline" element of an accommodation claim must, at least, rise to the level of an "adverse employment action" element of a discrimination claim. And we have held that a materially adverse employment action is 'a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'

*Mitchell v. Univ. Medical Center*, 2011 U.S. App. LEXIS 26546 *7 (6th Cir. Aug. 10, 2011) (internal citations to *Tepper, Reed, Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 761 (1998)). This analysis is consistent with the fact that *Reed* was a case premised on a prima facie case at the summary judgment stage, as was *Tepper*, and the Supreme Court has instructed "the precise requirements of a prima facie case can vary depending on the context and were 'never intended to be rigid, mechanized, or ritualistic.'" *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). Accordingly, there is no legal justification for the limitation of "discharge or discipline" in the jury instructions, or any religious accommodation case.

**2. Requiring "insignificant, trifling or negligible effect on the employer's business" was a Misstatement of the Law**

Ms. Barton objected to the language that an undue hardship is anything that has an "insignificant, trifling or negligible effect on the employer's business" as an incorrect statement of the law. (ECF 99, Tr. 11/10/22 pp. 17-22). This characterization is one that only appears in Black's Law Dictionary, but not Title VII jurisprudence from either the Sixth Circuit or Supreme Court. The Supreme Court stated that requiring an employer "to bear more than a *de minimis* cost . . . is an undue hardship" under Title VII. *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 84, 97 S. Ct. 2264, 53 L. Ed. 2d 113 (1977) (italics added). The "de minimus cost" language is untethered to anything in particular and has been resoundingly criticized as failing to achieve the goals of Title VII.[1] *See Small v. Memphis Light, Gas, & Water*, 141 S. Ct. 1227, 209 L. Ed. 2d 538 (2021) (Gorsuch, J., dissenting from denial of cert.); *Patterson v. Walgreen Co.*, 140 S.Ct. 685, 206 L. Ed. 2d 230 (2020) (Alito, J., concurring in denial of cert.); *Small v. Memphis Light, Gas, & Water*,

---

[1] In *Hardison*, the "cost" at issue was ultimately determined to be $150. *Id.* at 92 n.6.

952 F.3d 821, 826-829 (6th Cir. 2020) (Thapar, J., concurring) ("Title VII doesn't require employers to provide any and all accommodations; it requires them to provide only those accommodations that won't impose an "undue hardship" on the company—meaning significant costs"). Judge Thapar has gone so far as to encourage challenges to the illogical reasoning of *Hardison*. *Small*, 952 F.3d at 829.

The Sixth Circuit has stated it is not enough for the employer to show that an "accommodation would be bothersome to administer or disruptive of the operating routine;" an employer must present evidence to establish otherwise "speculative" or "hypothetical hardships" that could result from accommodations never attempted. *Smith v. Pyro Mining Co.,* 827 F.2d 1081, 1085-86 (6th Cir. 1987), *cert. denied,* 485 U.S. 989, 108 S. Ct. 1293, 99 L. Ed. 2d 503 (1988). Moreover, where an employer fails to attempt accommodation, any argument as to undue hardship fails as a matter of law. *Arlington Transit Mix, Inc.,* 957 F.2d 219, 222 (6th Cir. 1991) ("After failing to pursue this or any other reasonable accommodation, the company is in no position to argue that it was unable to accommodate reasonably his religious needs without undue hardship on the conduct of its business"). Thus, where an employer creates the hardship it cannot later argue there is an undue hardship that caused by its own actions. *Id*. (ECF 99, Tr. 11/10/22 pp. 18-19).

The Eighth Circuit has likewise rejected such rigidity based on speculation:

> Any hardship asserted, furthermore, must be real rather than speculative, merely conceivable, or hypothetical. An employer stands on weak ground when advancing hypothetical hardships in a factual vacuum. Undue hardship cannot be proved by assumptions nor by opinions based on hypothetical facts. Undue hardship requires more than proof of some fellow-worker's grumbling. . . . An employer . . . would have to show . . . actual imposition on co-workers or disruption of the work routine.

*Brown v. Polk Cnty.*, 61 F.3d 650, 654 (8th Cir. 1995).

Accordingly, the weighted language in the instruction heavily tipped the scales in favor of Metro, was an incorrect statement of the law, and resulted in manifest injustice to Ms. Barton.

7

### C. Defense Counsel Made Improper Statements of the Law and Improper Golden Rule Arguments During Closing Argument that were Prejudicial

Defense Counsel repeatedly and improperly violated the "Golden Rule" by asking the jury to put themselves in its place and inviting a decision based on bias and prejudice. This encouraged the jury to not follow federal law. In particular, Defense counsel stated:

> **Imagine yourself** being the manager over this small office, five, six employees, where it's well-known that there's a busy season. The school teachers' busy season is during the school year. They have a break during the summer. ERC, it's flipped around. They have maybe a little bit more of a break where they can take extended times off during the school year, but their busy season is in the summer. Ms. Barton's time off was right in the middle of summer. **So imagine if you're the manager**, and **you've got this office** of five or six employees. **What would you do? Of course you would say "That's going to put us** in such a bind for you to be off 17 days. **You know this is the policy. It's up to you all. Don't let this be the standard that the federal government is telling employers here that that's the standard, that this must be accommodated, this has to be accommodated under federal law. That's just not the law.** Don't let that be the standard.

(ECF 99, Tr. 11/10/22 pp. 45-46) (emphasis added). Defense counsel repeatedly and improperly violated the Golden Rule. *See Mich. First Credit Union v. Cumis Ins. Soc.*, 641 F.3d 240, 249 (6th Cir. 2011). Due to the repeated and blatant nature of the argument, it is unlikely any generalized instruction about following the law would overcome the insidious bias Defense Counsel improperly interjected.

The inflammatory misstatement "the federal government is telling employers" the standard about accommodation simply preyed on an anti-federal government sentiment, improperly encouraging sheer bias and prejudice. *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 135 S. Ct. 2028, 2034, 192 L. Ed. 2d 35 (2015) ("But Title VII does not demand mere neutrality with regard to religious practices—that they be treated no worse than other practices. Rather, it gives them favored treatment[.]"). Accordingly, these prejudicial, biased statements require reversal.

Therefore, Plaintiff respectfully request this Court alter or amend the judgment in favor of Ms. Barton on her religious discrimination claims and accommodation claims or order a new trial for the reasons stated herein.

Respectfully submitted,

HMC Civil Rights Law, PLLC

*/s Heather M. Collins*
Heather Moore Collins BPR # 026099
Ashley S. Walter BPR #037651
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on December 8, 2022, the forgoing was served on counsel by email to:

J. Brooks Fox
Metropolitan Courthouse, Suite 108
P.O. Box 196300
Nashville, Tennessee 37219-6300
(615) 862-6375

*Attorney for the Defendant*

*/s Heather M. Collins*
Heather Moore Collins