# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **CAROL BARTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:20-cv-00118** |
| | ) | |
| **THE METROPOLITAN GOVERNMENT** | ) | **JUDGE CAMPBELL** |
| **OF NASHVILLE AND DAVIDSON** | ) | **MAGISTRATE JUDGE EVANS** |
| **COUNTY, TENNESSEE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM</u>

Pending before the Court is Defendant's Motion to Dismiss for Lack of Jurisdiction or For Summary Judgment. (Doc. No. 141). Plaintiff filed a response in opposition (Doc. No. 144), and Defendant filed a reply (Doc. No. 147).

For the reasons discussed below, Defendant's motion (Doc. No. 141) is **DENIED**.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On November 10, 2022, a jury rendered a verdict in Defendant's favor. (Doc. No. 96). Plaintiff filed a motion for new trial and/or to alter or amend the judgment, which the Court granted. (Doc. No. 122). Defendant then moved to amend its answer to add an immunity defense based on 42 U.S.C. § 2000e-12(h). (Doc. No. 128). Defendant amended its answer and filed a motion to dismiss accompanied by the declaration of Corey Harkey, which detailed Ms. Harkey's actions in 2018 regarding Plaintiff's request for leave and EEOC charge. (Doc. Nos. 131, 132). On July 14, 2025, the Court denied Defendant's motion to dismiss without prejudice to refiling after Plaintiff's counsel had the opportunity to depose Ms. Harkey and request documents related to the matters included in Ms. Harkey's declaration. (Doc. No. 136).

Defendant filed the pending motion to dismiss, or alternatively, for summary judgment on November 7, 2025. (Doc. No. 141). Defendant contends that based on its defense that it relied in good faith on EEOC guidance, it is statutorily immune from liability, and the Court lacks subject matter jurisdiction.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The summary judgment movant has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id.* The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence of which the jury could reasonably find for the nonmoving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

2

## III.   ANALYSIS

### A.  Fed. R. Civ. P. 12(b)(1)

As a preliminary matter, Defendant points to Fed. R. Civ. P. 12(b)(1) as a basis for its motion. However, Rule 12(b) allows defenses to a pleading and looks to a limited universe in deciding a motion filed under that rule.  A motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction "can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Cartwright v. Garner*, 751 F.3d 759 (6th Cir. 2014) (internal citation omitted). A facial attack challenges the sufficiency of the pleading and, like a motion under Rule 12(b)(6), requires the Court to take all factual allegations in the pleading as true. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816-17 (6th Cir. 2017) (citing *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)).

A factual attack challenges the allegations supporting jurisdiction, raising "a factual controversy requiring the district court to 'weigh the conflicting evidence to arrive at the factual predicate that subject matter does or does not exist.'" *Id.* at 817 (quoting *Gentek*, 491 F.3d at 330). When analyzing a factual attack as to standing, the court may undertake "a factual inquiry regarding the complaint's allegations only when the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's claim." *Gentek*, 491 F.3d at 330.  District courts reviewing factual attacks have "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.3d 320, 325 (6th Cir. 1990).

Here, Defendant relies on information obtained in discovery to support its motion and would be better considered under Fed. R. Civ. P. 56. Indeed, in accordance with L.R. 56.01,

3

Defendant submitted a statement of undisputed facts, to which Plaintiff responded. (Doc. Nos. 142, 145). Accordingly, the Court considers Defendant's motion as a motion for summary judgment under Fed. R. Civ. P. 56.

**B. Genuine Disputes of Material Facts**

As Defendant's statement of facts (Doc. No. 142) and Plaintiff's response and additional statement of facts (Doc. No. 145) demonstrate, several disputed material facts exist that make summary judgment inappropriate on Defendant's immunity defense.[1] Indeed, the parties dispute several material facts, including the timing of when Plaintiff made her leave request (Def. SOF ¶ 3; Pl. SOF ¶¶ 1-3), when Defendant's personnel communicated about Plaintiff's leave request (Def. SOF ¶ 4; Pl. SOF ¶ 4), and when Defendant's legal counsel conducted research regarding the standards then-applicable to Title VII religious accommodation requests and written interpretations and opinions from the EEOC (Def. SOF ¶¶ 5-11; Pl. SOF ¶¶ 5-12).[2] The Court finds that each of these disputed facts are material to Plaintiff's claims in the lawsuit.

Accordingly, viewing the facts in the light most favorable to Plaintiff, the Court finds that genuine issues of material facts exist, and summary judgment will be denied.

### IV. CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss for Lack of Jurisdiction or For Summary Judgment (Doc. No. 141) will be **DENIED**.

---

[1] Defendant's Statement of Undisputed Material Facts (Doc. No. 142), together with Plaintiff's response (Doc. No. 145), is cited as "Def. SOF ¶ ____" and Plaintiff's Statement of Additional Facts (Doc. No. 145) is cited as "Pl. SOF ¶ ____."

[2] The Court notes that Defendant did not respond to Plaintiff's statement of additional facts. (Doc. No. 145). Nonetheless, it is clear from a review of the record that there are several disputes of material facts between the parties as set forth in Defendant's statement of facts and Plaintiff's response. (Doc. Nos. 142, 145).

4

An appropriate Order shall enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE